STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

**August 13, 2014**

**RORY L. PERRY II, CLERK**

**SUPREME COURT OF APPEALS**

**OF WEST VIRGINIA**

**VIOLET D. RAMSEY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0510**  (BOR Appeal No. 2047680)
                    (Claim No. 2010110569)

**GREENBRIER HOTEL CORPORATION**
**(FORMERLY CSX HOTELS, INC.),**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Violet D. Ramsey, by Patrick Maroney, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greenbrier Hotel Corporation, by James Heslep, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 23, 2013, in which the Board affirmed an August 31, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 18, 2011, decision denying Ms. Ramsey's request to reopen her claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Ramsey injured her right shoulder on September 10, 2009, while opening a heavy door. As a result of this injury, she received temporary total disability benefits from October 19, 2010, through October 26, 2010, and from March 30, 2011, through April 26, 2011. Ms. Ramsey is currently seeking temporary total disability benefits from April 26, 2011, through January 1, 2012.

1

On April 13, 2011, Bruce Guberman, M.D., performed an independent medical evaluation and determined that Ms. Ramsey had reached maximum medical improvement with respect to the September 10, 2009, right shoulder injury. Additionally, undated treatment notes from Steven Vess, D.O., Ms. Ramsey's treating physician, indicated that she reached maximum medical improvement with respect to the right shoulder in April of 2011. Dr. Vess stated again that Ms. Ramsey had reached maximum medical improvement on May 26, 2011. On July 7, 2011, Kristen McMillian performed a functional capacity evaluation and concluded that Ms. Ramsey could return to work at light duty. On August 18, 2011, the claims administrator denied Ms. Ramsey's request to reopen her claim for temporary total disability benefits. Finally, on August 24, 2011, Dr. Vess completed an attending physician's report indicating that he last examined Ms. Ramsey on May 26, 2011, and that she had reached maximum medical improvement.

In its Order affirming the August 18, 2011, claims administrator's decision, the Office of Judges held that Ms. Ramsey has failed to demonstrate that her claim should be reopened for temporary total disability benefits. Ms. Ramsey disputes this finding and asserts that she was entitled to temporary total disability benefits until she returned to work or was released to return to work.

West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not payable after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. As noted by the Office of Judges, Dr. Guberman determined that Ms. Ramsey had reached maximum medical improvement on April 13, 2011. As Ms. Ramsey was found to have reached maximum medical improvement thirteen days prior to the requested onset date for temporary total disability benefits, she is ineligible for temporary total disability benefits during the requested disability period pursuant to West Virginia Code § 23-4-7a. Moreover, the Office of Judges noted that immediately following Dr. Guberman's determination that Ms. Ramsey had reached maximum medical improvement, Ms. Ramsey's treating physician also concluded that she had reached maximum medical improvement. Finally, the Office of Judges pointed out that the functional capacity evaluation of record indicates that as of July of 2011, Ms. Ramsey was capable of returning to work. The Board of Review reached the same reasoned conclusions in its decision of April 23, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum